IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COURTALERT.COM, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN LEGALNET, INC., EREZ BUSTAN, and ROBERT LOEB,<br><br>　　　　Defendants. | No. 1:20-cv-07739 (VSB)<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF ROBERT LOEB'S THIRD-PARTY COMPLAINT AND JURY DEMAND** |
| ROBERT LOEB,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>YANIV SCHILLER,<br><br>　　　　Third-Party Defendant. | |

　　　　NOW COMES Defendant/Third-Party Plaintiff Rob Loeb ("Loeb"), and as and for his Third-Party Complaint against Third-Party Defendant Yaniv Schiller ("Schiller"), states as follows:

　　　　1.　　On or about July 15, 2019, Plaintiff/Counterclaim Defendant CourtAlert.com, Inc. ("CourtAlert") hired Loeb.

　　　　2.　　On or about July 15, 2019, Loeb and CourtAlert executed an Employment Agreement (the "Agreement") setting forth Loeb's employment terms.

　　　　3.　　The Agreement provided that Loeb would be paid a base salary of $70,000, plus commissions on any new business Loeb obtained from qualified existing and new clients, including 10% of CourtAlert watch services and 20% of new Case Management license fee clients.

The parties further agreed that CourtAlert would pay Loeb a 10% commission for new business development.

4. During his employment with CourtAlert, Loeb worked in CourtAlert's New York City office.

5. During his employment with CourtAlert, Loeb reported to Schiller, CourtAlert's Chief Operating Officer

6. CourtAlert also provided a laptop computer and CourtAlert email account to Loeb.

7. In addition to his CourtAlert email account, Loeb currently maintains, and during his employment with CourtAlert maintained, several personal email accounts, including a Yahoo.com account (the "Yahoo Account").

8. In approximately mid-March 2020, as COVID-19 spread rapidly through New York City, the Mayor and Governor ordered non-essential businesses to close their offices, and Loeb accordingly began teleworking full time from his New Jersey residence.

9. Loeb resigned from CourtAlert effective May 15, 2020 and returned the laptop issued to him by CourtAlert.

10. Upon information and belief, after Loeb resigned, CourtAlert's agents, including but not limited to Schiller, used embedded log-in information for Loeb's Yahoo Account to access Loeb's personal account without his knowledge or authorization.

11. Upon information and belief, CourtAlert's agents, including but not limited to Schiller, downloaded Loeb's confidential personal and professional information from his Yahoo Account without his knowledge or authorization.

12. Upon information and belief, Schiller used the information downloaded from Loeb's Yahoo Account for CourtAlert's benefit.

## COUNT ONE
### (Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*)

13. Loeb repeats and re-alleges the allegations of paragraphs 1 through 12 above as if they were set forth fully herein.

14. Pursuant to the Computer Fraud and Abuse Act ("CFAA"), codified at 18 U.S.C. § 1030, *et seq.*, it is unlawful to "intentionally access[] a computer without authorization or exceed[ing] authorized access, and thereby obtain[] … information from any protected computer."

15. A "computer" is a "high speed data processing device … and includes any data storage facility or communications facility directly related to or operating in conjunction with that device[.]" 18 U.S.C. § 1030(e)(1).

16. A "protected computer" is one that, *inter alia*, "is used in or affecting interstate or foreign commerce or communication … ." 18 U.S.C. § 1030(e)(2)(B).

17. Under the CFAA, "[a]ny person who suffers damage or loss" pursuant to the statute has the right to initiate a civil action for compensatory damages and injunctive or equitable relief. 18 U.S.C. § 1030(g).

18. Under the CFAA, "damage" is "any impairment to the integrity or availability of data, a program, a system, or information;" and "loss" is "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]" 18 U.S.C. §§ 1030(e)(8), (11).

19. Schiller accessed and obtained Loeb's confidential personal and professional information from his Yahoo Account in a manner that was unlawful under the CFAA.

20. As a result of Schiller's unlawful conduct, Loeb suffered a loss under the CFAA, including expenses investigating and responding to the unauthorized access.

21. Loeb's damages exceed the CFAA's $5,000 statutory threshold.

22. Loeb will continue to suffer damages unless Schiller is compelled to destroy or otherwise relinquish the confidential personal and professional information he improperly obtained.

## COUNT TWO
### (Violation of the Stored Communications Act 18 U.S.C. § 2701 *et seq.*)

23. Loeb repeats and re-alleges the allegations of paragraphs 1 through 22 above as if they were set forth fully herein.

24. Pursuant to the Stored Communications Act ("SCA"), codified at 18 U.S.C. § 2701, *et seq.*, it is unlawful to "intentionally access without authorization a facility through which an electronic communication is provided" and "thereby obtain[], alter[], or prevent[] access to a wire or electronic communication while it is in electronic storage."  18 U.S.C. § 2701(a).

25. Schiller violated the SCA by accessing Loeb's Yahoo Account intentionally and without authorization and obtaining Loeb's confidential personal and professional information.

26. As a result of Schiller's unlawful conduct, Loeb has suffered actual damages in an amount to be determined at trial.

## COUNT THREE
### (Unjust Enrichment)

27. Loeb repeats and re-alleges the allegations of paragraphs 1 through 26 above as if they were set forth fully herein.

28. As a result of CourtAlert's failure to pay Loeb commissions owed to him, Schiller has been enriched at Loeb's expense.

29. It is against equity and good conscience to permit Schiller to retain the commissions owed to Loeb.

30. Loeb is entitled to restitution from Schiller due to Schiller's unjust retention of the commissions owed to Loeb.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Third-Party Plaintiff, Robert Loeb, requests the following relief:

a. Injunctive relief, including the destruction and/or return of all documents and information that Third-Party Defendant illegally accessed, downloaded and/or otherwise acquired;

b. Damages, including but not limited to compensatory, as well as pre-judgment and post-judgment interest;

c. Restitution;

d. Punitive damages;

e. Legal fees, and costs;

f. Any and all other relief, both at law and in equity, to which Defendant/Counterclaim Plaintiff Robert Loeb is entitled to recover.

## JURY DEMAND

Defendant/Third-Party Plaintiff Robert Loeb requests a trial by jury on all Counterclaims for compensatory damages and non-equitable relief.

Respectfully submitted,

Dated: November 25, 2020        GREENBERG TRAURIG, LLP

By: _s/ Ryan P. O'Connor_
RYAN P. O'CONNOR
ROBERT H. BERNSTEIN
(*pro hac vice* forthcoming)

Attorneys for Defendant/Third-Party Plaintiff, Robert Loeb