IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COURTALERT.COM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN LEGALNET, INC., EREZ BUSTAN, and ROBERT LOEB,<br><br>Defendants. | No. 1:20-cv-07739 (VSB)<br><br>**DEFENDANT/THIRD-PARTY PLAINTIFF ROBERT LOEB'S FIRST AMENDED THIRD-PARTY COMPLAINT AND JURY DEMAND** |
| ROBERT LOEB,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>YANIV SCHILLER,<br><br>Third-Party Defendant. | |

NOW COMES Defendant/Third-Party Plaintiff Rob Loeb ("Loeb"), and as and for his First Amended Third-Party Complaint against Third-Party Defendant Yaniv Schiller ("Schiller"), states as follows:

1. On or about July 15, 2019, Plaintiff/Counterclaim Defendant CourtAlert.com, Inc. ("CourtAlert") hired Loeb.

2. On or about July 15, 2019, Loeb and CourtAlert executed an Employment Agreement (the "Agreement") setting forth Loeb's employment terms.

3. This paragraph is left intentionally blank per the Court's Opinion and Order entered September 29, 2023 [ECF No. 57].

1

4. During his employment with CourtAlert, Loeb worked in CourtAlert's New York City office.

5. During his employment with CourtAlert, Loeb reported to Schiller, CourtAlert's Chief Operating Officer

6. CourtAlert also provided a laptop computer and CourtAlert email account to Loeb.

7. In addition to his CourtAlert email account, Loeb currently maintains, and during his employment with CourtAlert maintained, several personal email accounts, including a Yahoo.com account (the "Yahoo Account").

8. In approximately mid-March 2020, as COVID-19 spread rapidly through New York City, the Mayor and Governor ordered non-essential businesses to close their offices, and Loeb accordingly began teleworking full time from his New Jersey residence.

9. Loeb resigned from CourtAlert effective May 15, 2020 and returned the laptop issued to him by CourtAlert.

10. Upon information and belief, after Loeb resigned, CourtAlert's agents, including but not limited to Schiller, used embedded log-in information for Loeb's Yahoo Account to access Loeb's personal account without his knowledge or authorization.

11. Upon information and belief, CourtAlert's agents, including but not limited to Schiller, downloaded Loeb's confidential personal and professional information from his Yahoo Account without his knowledge or authorization.

12. Upon information and belief, Schiller used the information downloaded from Loeb's Yahoo Account for CourtAlert's benefit.

## COUNT ONE
### (Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*)

13. This Count One, paragraphs 13 through 22 thereof, is left intentionally blank per the Court's Opinion and Order entered September 29, 2023 [ECF No. 57].

## COUNT TWO
### (Violation of the Stored Communications Act 18 U.S.C. § 2701 *et seq.*)

23. Loeb repeats and re-alleges the allegations of paragraphs 1 through 22 above as if they were set forth fully herein.

24. Pursuant to the Stored Communications Act ("SCA"), codified at 18 U.S.C. § 2701, *et seq.*, it is unlawful to "intentionally access without authorization a facility through which an electronic communication is provided" and "thereby obtain[], alter[], or prevent[] access to a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a).

25. Schiller violated the SCA by accessing Loeb's Yahoo Account intentionally and without authorization and obtaining Loeb's confidential personal and professional information.

26. As a result of Schiller's unlawful conduct, Loeb has suffered actual damages in an amount to be determined at trial.

## COUNT THREE
### (Unjust Enrichment)

27. This Count Three, including paragraphs 27 through 30 thereof, is left intentionally blank per the Court's Opinion and Order entered September 29, 2023 [ECF No. 57].

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Third-Party Plaintiff, Robert Loeb, requests the following relief:

a. Injunctive relief, including the destruction and/or return of all documents and information that Third-Party Defendant illegally accessed, downloaded and/or otherwise acquired;

3

b. Damages, including but not limited to compensatory, as well as pre-judgment and post-judgment interest;

c. Restitution;

d. Punitive damages;

e. Legal fees, and costs;

f. Any and all other relief, both at law and in equity, to which Defendant/Counterclaim Plaintiff Robert Loeb is entitled to recover.

## JURY DEMAND

Defendant/Third-Party Plaintiff Robert Loeb requests a trial by jury on all Counterclaims for compensatory damages and non-equitable relief.

Respectfully submitted,

Dated: October 27, 2023                  GREENBERG TRAURIG, LLP

By: _s/ Michael J. Slocum_
MICHAEL J. SLOCUM
ROBERT H. BERNSTEIN
(*pro hac vice*)

Attorneys for Defendant/Third-Party Plaintiff, Robert Loeb