**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COURTALERT.COM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN LEGALNET, INC.,<br>EREZ BUSTAN, and ROBERT LOEB,<br><br>    Defendants. | No. 1:20-cv-07739 (VSB)<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| ROBERT LOEB,<br><br>    Third-Party Plaintiff,<br><br>    v.<br><br>YANIV SCHILLER,<br><br>    Third-Party Defendant. | |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party may designate any document or information, in whole or in part, as confidential or highly confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Information and documents designated by a party as highly confidential (based on their private, sensitive,

competitive, or proprietary nature) will be stamped "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

2.      The Confidential or Highly Confidential Information disclosed will be held and

used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality,

counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution,

the challenging party may seek resolution by the Court. Nothing in this Protective Order

constitutes an admission by any party that Confidential or Highly Confidential Information

disclosed in this case is relevant or admissible. Each party reserves the right to object to the use

or admissibility of the Confidential or Highly Confidential Information.

4.      Documents and information designated as "CONFIDENTIAL" shall not be

disclosed to any person, except:

   a.   The requesting party and counsel, including in-house counsel;

   b.   Employees of such counsel assigned to and necessary to assist in the litigation;

   c.   Consultants or experts assisting in the prosecution or defense of the matter, to the
        extent deemed necessary by counsel;

   d.   The Court (including the mediator, or other person having access to any
        Confidential Information by virtue of his or her position with the Court);

   e.   An officer before whom a deposition is taken, including stenographic reporters
        and any necessary secretarial, clerical, or other personnel of such officer; and

   f.   Any other person expressly agreed to by the producing party.

5.      In addition to the foregoing restrictions, except with the prior written consent of

the producing party or by Order of the Court, documents and information designated as

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to the

receiving parties or their agents, with the exception of the receiving parties' outside litigation

counsel, outside consultants, and outside experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel.

6.    Prior to disclosing or displaying the Confidential or Highly Confidential Information to any person other than outside litigation counsel, counsel must:

     a.  Inform the person of the confidential nature of the information or documents;

     b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

     c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.    The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential or Highly Confidential Information subject to all the terms of this Stipulation and Order.

8.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting

3

legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10.    Notwithstanding the designation of information as "Confidential" or "Highly Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11.    At the conclusion of litigation, Confidential or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena. If a receiving party is called upon to produce Confidential or Highly Confidential Information in order to comply with a court order, subpoena, or other direction by a

4

court, administrative agency, or legislative body, that party shall give written notice by email to counsel for the producing party within 5 business days of receipt of such order, subpoena, or direction and give producing party at least 5 business days to object to the production of such Confidential or Highly Confidential Information. Nothing in this paragraph shall be construed as requiring any party to this stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

SO STIPULATED AND AGREED.

CYRULNIK FATTARUSO LLP

By:  /s/ Jason Cyrulnik
     Jason Cyrulnik
     Paul Fattaruso
     Adina Levine

*Counsel for Plaintiffs and
  Third-Party Defendant*

Dated: June 26, 2024

KOFFSKY SCHWALB LLC

By:  /s/ Efrem Schwalb
     Efrem Schwalb
     Tal S. Benschar

*Counsel for Defendants and
  Third-Party Plaintiff*

SO ORDERED:

_____

VALERIE FIGUEREDO
United States Magistrate Judge
Date: July 15, 2024

5

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court, a copy of which has been provided to me.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

**DATED:**

_____

Signed in the presence of:

_____

(Attorney)

6