UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

COURTALERT.COM, INC.,

                            Plaintiff,                      20-CV-07739 (VSB) (VF)

                -against-

                                                                 **ORDER**

AMERICAN LEGALNET, INC. ET AL.,

                            Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      Below the Court addresses various issues raised by the parties in letter submissions and addressed at the conferences on August 19, 2024, and September 18, 2024.

1. Protective Order

      Defendant seeks a protective order to limit the scope of discovery to allegations in the complaint concerning "the hiring of Mr. Loeb, confidential information he may have taken, and solicitation of clients in breach of his employment agreement." See ECF No. 104 at 1; see also ECF No. 85. Plaintiff opposes the request. See ECF No. 105. The issue was raised and discussed at the conference with the Court on August 19, 2024.

      To obtain a protective order, Defendant bears the burden of establishing good cause for the issuance of that order. See Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC, 394 F. Supp. 3d 461, 465 (S.D.N.Y. 2019). Defendant has not shown good cause for the issuance of a protective order. Defendant makes generalized arguments about burden and cost (see ECF No. 104 at 5) without any specific support for its assertion of undue burden. Second, Defendant seeks to curtail Plaintiff's ability to obtain discovery about allegations in the complaint, which support Plaintiff's bad-faith unfair competition claim. For this reason, Defendant's reliance on Tottenham v. Trans World Gaming Corp., 2002 WL 1967023 (S.D.N.Y. June 21, 2002), is misplaced. In Tottenham, the discovery at issue did not relate to matters alleged in the pleadings. See id. at *2.

      It is well established that a party is entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), and "relevance, for the purpose of discovery, is an extremely broad concept," Jose Luis Pelaez, Inc. v. Scholastic, Inc., 2018 WL 1891116, at *1 (S.D.N.Y. 2018). Contrary to Defendant's argument, Plaintiff is not limited to obtaining discovery concerning the allegations specifically cited by the Court in its decision on the motion to dismiss.

2. <u>Discovery concerning the acquisition of Defendant</u>

Plaintiff seeks an order compelling Defendant to produce a copy of the merger agreement by which Defendant was acquired by Aderant North America, Inc. <u>See</u> ECF No. 106. Defendant opposes the request. <u>See</u> ECF No. 103. Because the merger agreement is relevant and discoverable, Defendant is ordered to produce a copy of the merger agreement to Plaintiff under an Attorney's Eyes Only designation.

3. <u>Defendant's privileged documents inadvertently produced to Plaintiff</u>

Defendant asserts that nine documents in its February 2024 document production were inadvertently produced and are protected by the attorney-client privilege. <u>See</u> ECF No. 99. The Court will conduct an *in camera* review of the nine documents included in Defendant's privilege log at ECF No. 99-3. Defendant is directed to send the documents, *ex parte,* to the Court via e-mail by **September 25, 2024**.

4. <u>Defendant's hit report</u>

As discussed at the conference on September 18, 2024, Defendant is ordered to provide a hit report to Plaintiff by **October 18, 2024**.

5. <u>Plaintiff's discovery productions</u>

As discussed at the conference on September 18, 2024, Plaintiff will complete its document production by **October 31, 2024**. After a meet and confer, Defendant can raise any deficiencies in Plaintiff's production at the next discovery conference. The parties are reminded of the Court's direction at the September 18th conference to provide the Court, if a dispute arises, with any communications (e-mails, letters, etc.) with Defendant's former counsel that would shed light on any agreement Plaintiff had with Defendant's former counsel as to the process and/or scope by which Plaintiff would conduct its document collection and review.

6. <u>Loeb's emails</u>

As discussed at the conference on September 18, 2024, Defendant is directed to provide a response to Plaintiff's questions concerning Loeb's e-mail accounts and the period of time he has retained e-mails. The specific questions Defendant is ordered to respond to are at ECF No. 106 at 2.

7. <u>Discovery Schedule</u>

The Court hereby extends the deadline for the close of fact discovery to **December 30, 2024**. The deadline for the close of expert discovery is extended to **March 29, 2025**.

8. <u>Next conference</u>

The next discovery conference is hereby scheduled for **November 6, 2024 at 10:00 a.m.** Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. **Please dial (888) 808-6929; access code [9781335].** Any discovery disputes to

be addressed at the conference on November 6 should be raised in a joint letter to the Court by **November 1, 2024 at 5 p.m.**

      **SO ORDERED.**

DATED:    New York, New York
             September 19, 2024

                                                VALERIE FIGUEREDO
                                           United States Magistrate Judge