

**Efrem Schwalb**
eschwalb@koffskyschwalb.com

500 Seventh Avenue, 8th Floor
New York, New York 10018
T: 646.553.1590
F: 646.553.1591
www.koffskyschwalb.com

October 16, 2024

<u>**VIA ECF**</u>
Hon. Valerie Figueredo
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1660
New York, New York 10007

      Re:    *Courtalert.Com, Inc v. American Legalnet, Inc., et al.*
             No. 1:20-cv 07739 (VSB)(VF)

Dear Judge Figueredo:

We represent Defendants American LegalNet, Inc. ("ALN"), Erez Bustan and Robert Loeb. We write in response to Plaintiff's letter dated October 15, 2024 (Dkt. 116).

As usual, Plaintiff resorts to distortions and rhetoric to mask the reality that its claims in this action are baseless. Defendants have complied with their discovery obligations and as discussed below, the Court should not require Defendants to produce information protected by attorney work product.

## I.    Hit Reports

The Court set a deadline for producing hit reports in its prior order: "As discussed at the conference on September 18, 2024, Defendant is ordered to provide a hit report to Plaintiff **by October 18, 2024**." (Dkt. 110). The hit report was served today, two days prior to the Court's ordered deadline. We have thus fully complied with the Court's order. There is no basis for Plaintiff's to complain about the lack of hit reports when the deadline has not yet been reached, other than to try to somehow influence the Court that Defendant has not complied with a deadline that had not as yet arrived and to deflect attention from the fact that Plaintiff has not complied with its discovery obligations and failed to respond to multiple requests to meet and confer with Defendants as set forth below.

## II.    Initial Disclosures And Damages Interrogatories

Our letter of October 2, 2024 (Dkt. 113) pointed to specific places in the transcript of the August 19, 2024 conference in which the Court indicated that it would issue a ruling as to the initial disclosures and damages interrogatories. The Court plainly stated: "I know I owe you a decision on the damages and the interrogatories." (Tr. 08/19/24, Dkt. 113-1 at 101:23-24). No such order has been issued.

# KOFFSKY SCHWALB LLC

Hon. Valerie Figueredo
October 16, 2024
Page 2

Plaintiff contrives to avoid this result by claiming that the Court's ruling as to Interrogatory No.
4 (Dkt. 100) somehow extends to this damages discovery. This is baseless – the Court did not
indicate and stated to the contrary as set forth above, and there is no basis to believe that they
involve the same issues. Indeed, Plaintiff's damages omission highlights the false narrative in
Plaintiff's Complaint. Its initial disclosure as to damages (Dkt. 85-1) asserts claimed damages of
$5.8 million for "Case Management Customers" and another $3.6 million for "Services
customers." How were these figures arrived at? Plaintiff refuses to say, despite the clear
mandate of Rule 26(a)(1)(A)(iii) to provide a "computation," which as we have repeatedly noted,
"requires more than merely setting forth the figure demanded" but some level of analysis and
details. *See, e.g., Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at \*5 (S.D.N.Y.
2014).

As we have also pointed out, initial disclosures by definition are to be served at the beginning of
the case – and Local Rule 33.3 likewise permit damages discovery "at the commencement of
discovery." There is no reason that Plaintiff should be relieved of these discovery requirements.
We accordingly again request that the Court order Plaintiff to provide a proper initial disclosure
as to its purported damages, as well as responses to Interrogatories 6 and 7.

## III.    Merger Agreement

In yet another attempt to contrive an issue, Plaintiff complains that we redacted attorney wor
product in the merger agreement. A review of our August 23, 2024 letter (Dkt. 103) makes plain
that our assertion was that the only relevance of any merger documentation was as to the *fact* of
the merger of ALN into Aderant – which makes Aderant liable for ALN's debts and obligations
as a matter of law. The publicly-filed merger document which was produced established this fact
and therefore we objected to producing the merger agreement in total.

The Court nevertheless ordered production of the merger agreement. Defendants complied by
producing the agreement, consisting of 743 pages, including detailed schedules. From these, we
redacted less than two pages that discuss this litigation, as well as a few references to the reserve
set aside for this case because they contain attorney work-product. The claim of work-product
was more than amply supported, which has repeatedly been upheld by the case law.

This action has been pending since September 2020, while the merger occurred in December
2021. Not surprisingly, the merger agreement discussed this pending litigation as we stated in
our forwarding email to counsel (Dkt. 116-1):

> We have redacted a discussion of the handling and strategies for this litigation, as
> well as the reserve for the litigation. The basis for all redactions is work product.

The assessment of pending litigation and strategies to deal with same are clearly the core of work
product, "entitled to the highest protection afforded by law." *Vasquez v. City of New York*, 2014
WL 6356941, at \*1 (S.D.N.Y. Nov. 14, 2014). And, "[d]ocuments prepared in anticipation of

# KOFFSKY SCHWALB LLC

Hon. Valerie Figueredo
October 16, 2024
Page 3

litigation are work product, even when they are also intended to assist in business dealings."
*Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015). The nearly two-page discussion of
this very action clearly lies at the core of work product.

Likewise, specific litigation reserves are work product, because they reflect a party's and its
attorney's mental impressions and assessment of the case. Numerous cases have so held. *See
Simon v. G.D. Searle & Co.*, 816 F.2d 397 (8th Cir.)*; Lava Trading, Inc. v. Hartford Fire Ins.
Co.*, 2005 WL 66892, at *2 (S.D.N.Y. Jan. 11, 2005); *In re Pfizer Inc. Sec. Litig.,* 994 WL
263610, at *1 (S.D.N.Y.1994).

Plaintiffs attempt to obtain core work product on this very action should have been rejected.

## A. The Court's Order Of Today (Dkt. 117)

The Court's issued a memo-endorsed order today (Dkt. 117), less than 24 hours after Plaintiff
filed its letter and without giving Defendants an opportunity to respond.

The Order requires production of unredacted copies of the merger agreement. Respectfully,
there has not been any waiver of work product by Defendants. As noted above, our initial
objection was to the document in toto. Our document response preserved objections to
producing documents with attorney work product or attorney client communications, and even
had Defendants produced the document without the work product redactions, Defendants would
be entitled to claw back the work product privileged information from being disclosed. *See*
Confidentiality Stip. and Protective Order (Dkt. 98) ¶ 9). We had not reviewed the nearly 750
pages of the merger agreement, and were in no position to ascertain whether portions were work
product when Defendants were objecting to the production of the merger agreement in total.

We therefore respectfully request that the Court reconsider its ruling requiring the disclosure of
information protected by attorney work product which was made before Defendants had an
opportunity to respond. To the extent the Court is not inclined to reverse this order, we request it
be stayed so we may appeal it to Judge Broderick.

## Defendants' Request That The Court Direct Plaintiff To Meet And Confer

Finally, we've sent detailed letters to Plaintiff's counsel on September 13 and 27 and October 10,
2024, in which we pointed out numerous deficiencies in Plaintiff's discovery responses,
including some which the Court already ordered, such as a response to Interrogatory No. 3. To
date, Plaintiff's counsel has simply ignored our requests.

We accordingly request that the Court direct Plaintiff to schedule a meet and confer at a mutually
agreeable time within five (5) business days.

Respectfully Submitted,

# KOFFSKY SCHWALB LLC

Hon. Valerie Figueredo
October 16, 2024
Page 4


Efrem Schwalb

cc: All counsel (ECF)

## MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
**Dated:** 10/17/24

Defendants are directed to provide an unredacted copy of the merger agreement by email to the Court for in camera review. In the email, Defendants should indicate which sections of the agreement were redacted on the basis of work-product privilege in the copy produced to Plaintiff. Defendants are directed to submit a copy of the agreement via email by **October 21, 2024**.

Plaintiff is directed to meet and confer with Defendants about the issues raised by Defendants in their letters to Plaintiff from September 13, September 27, and October 10.

With respect to Defendants' interrogatories numbers 5, 6, and 7, and Plaintiff's initial damages disclosure, Plaintiff need not provide a detailed computation at this time, beyond the information already provided in its responses. See, e.g., Smalls v. N.Y. Hosp. Med. Ctr. of Queens, No. 13 Civ. 1257 (RRM), 2013 WL 12333083, at *8 (E.D.N.Y. Oct. 15, 2013) (extending time for plaintiff to provide a precise calculation of damages until after defendants furnished documents necessary for such calculation). Plaintiff is required to supplement its responses after it has obtained document discovery from Defendants that specifically relate to the calculation of damages, such as information about customers or lost revenue. The Clerk of Court is directed to terminate the motion at ECF No. 113.

The issues raised at ECF No. 107 were addressed at prior conferences. The Clerk of Court is directed to terminate the motion at ECF No. 107.