**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

COURTALERT.COM, INC.,

                        Plaintiff,                        **20-CV-07739 (VSB) (VF)**

           -against-

                                                                  **ORDER**

AMERICAN LEGALNET, INC. et al.,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      On October 16, 2024, the Court ordered that Defendants provide Plaintiff with an unredacted copy of the merger agreement between American LegalNet, Inc. and Aderant North America. See ECF No. 117. On October 16, 2024, Defendants submitted a letter indicating that they had produced the merger agreement with redactions to "less than two pages that discuss this litigation" and with redactions to references "to the reserve set aside for this case," both of which Defendants argued was attorney work product protected by the work product doctrine. See ECF No. 118. The Court subsequently reviewed the merger agreement *in camera*. See ECF No. 120.

      The redactions to paragraph 5.18 of the merger agreement are not protected by the work product doctrine. A review of paragraph 5.18 demonstrates that it contains no discussion concerning the merits of the litigation, the weaknesses of the claims, overall litigation strategy, or an assessment of Defendants' likelihood of success in the litigation. There is no reference in that paragraph to client communications such that disclosure of paragraph 5.18 would reveal information the client conveyed to his attorney for purposes of obtaining legal advice. Nor does any part of paragraph 5.18 reference internal legal analysis or legal memorandum such that one

1

could say that disclosure of paragraph 5.18 would reveal legal advice provided by an attorney to a client.

Defendants rely on United States v. Adlman, 134 F.3d 1194 (2d Cir. 1998), to argue that paragraph 5.18 is protected by the work product doctrine. See ECF No. 129. Adlman is distinguishable because that case concerned a memorandum prepared by an attorney retained to evaluate the tax implications of a proposed restructuring. Adlman, 134 F.3d at 1195. The memorandum at issue in Adlman contained "detailed legal analysis of likely IRS challenges to the reorganization and the resulting tax refund claim; it contained discussion of statutory provisions, IRS regulations, legislative history, and prior judicial and IRS rulings relevant to the claim." Id. The memorandum also contained "possible legal theories or strategies . . . , recommended preferred methods of structuring the transaction, and made predictions about the likely outcome of litigation." Id. None of that information or analysis is contained in paragraph 5.18 of the merger agreement. Although Defendants contend that paragraph 5.18 contains "core work product" (see ECF No. 118 at 2-3), that contention is not supported by a review of the relevant provision. Instead, paragraph 5.18 is merely another business term in a merger agreement negotiated between two entities at arm's length.

Defendants also redacted the reserve amount for this litigation, arguing that the specific amount of litigation reserves reflects the client's and attorney's impression and assessment of the case. See ECF No. 118 at 3. The merger agreement contains only the reserve amount. It does not include any analysis or opinion from an attorney indicating how the reserve amount was calculated. Courts nevertheless have permitted redactions of individual reserve figures, concluding that such information is protected work product because it reflects the mental impressions and assessment of an attorney. See Simon v. G.D. Searle & Co., 816 F.2d 397, 401-

02 (8th Cir. 1987) (concluding that "individual case reserve figures reveal the mental impressions, thoughts, and conclusions of an attorney in evaluating a legal claim"); In re Pfizer Inc. Sec. Litig., 1994 WL 263610, at *1 (S.D.N.Y. June 6, 1994) (relying on Simon to explain that individual case reserve figures could be protected by the work product doctrine). Although some courts in this District have concluded that individual reserve figures without any analysis or opinion do not constitute protected work product, those decisions have arisen in disputes involving insurance policies. See Bryce Corp. v. XL Insurance Am., Inc., 2023 WL 9004039, at *1, *8-9 (S.D.N.Y. Dec. 28, 2023) (suit challenging defendant's performance pursuant to all-risk commercial property policy); 99 Wall Dev., Inc. v. Allied World Specialty Ins. Co., 2019 WL 2482356, at *1, *3, *5 (S.D.N.Y. June 14, 2019) (dispute arising under insurance policy).

      Accordingly, Defendants are hereby ordered to produce the merger agreement to Plaintiff with the redactions to paragraph 5.18 removed. Defendants can maintain the redactions made to the reserve amount for this litigation.

      **SO ORDERED.**

DATED:    New York, New York
               November 12, 2024

                                                       VALERIE FIGUEREDO
                                                       United States Magistrate Judge